PER CURIAM.
The appellees owned certain property in Marion County which, prior to and including January 1, 1975, had been used for bona fide agricultural operations. The property owners had secured the benefit of the “green belt law” [see: Section 193.461, Florida Statutes (1974)] and, pursuant to the provisions of Section 193.461(3)(b), Florida Statutes (1974), they were entitled to a continuation of this agricultural classification upon the filing of a short form application with the proper authorities. They filed such an application on March 7, 1975, relying upon the provisions of Section 193.-052(2), Florida Statutes (1974) which reads in part as follows:
***** *
“ * * * In order for land to be considered for agricultural zoning under § 193.461, an application for such zoning must be filed on or before April 1 of each year with the [property appraiser] of the county in which such land is located. * * * ft

The County officials refused to recognize the continuation of the agricultural classification because of the provisions of Section 193.461(3)(a), Florida Statutes, enacted in 1974 and effective July 1, 1974, which reads in part as follows:
******
“(3)(a) No lands shall be classified as agricultural lands unless a return is filed on or before March 1 of each year. * * ”
******
The property owners appealed to the Board of Adjustment, which declined them any relief. They thereafter instituted an action in the Circuit Court of Marion County, seeking to have their lands assessed and taxed as agricultural lands for the calendar and tax year of 1975. The action was brought against the proper County officials *275 and the Department of Revenue was permitted to intervene as a party-defendant. Thereafter, there being no disputed issues of fact, the trial court entered a summary final judgment reading in part as follows:
$ $ * ‡ *
“All parties to this cause filed motions for summary judgment or motions which by agreement were treated as motions for summary judgment. The 20 day period provided in Rule 1.510(c) RCP was waived. Upon consideration of the pleadings together with the affidavits duly filed it appears that there is no genuine issue as to any material fact. The unre-futed facts are:
“(a) The plaintiffs are, and at all material times have been, the record title owners of two parcels of contiguous properties located in Marion County, Florida, being the real properties involved in this proceeding and described by the defendant property appraiser as follows:
‘ “22 12 19 360 ACRES. BEG SW COR OF N 3732.59 FT E 996.6 FT N 280.5 FT E 501.6 FT S 920 FT E 3782.12 FT S 305.53 12
and
‘ “22 12 19 25 ACRES S 14.19 CHS OF E 17V2 CHS OF NE Vi OF NW Vi ARREDONDO GRANT’”
“(b) Said properties were used primarily for a bona fide agricultural operation on and prior to January 1, 1975.
“(c) There are, and at all times material to this cause have been, two Florida Statutes pertaining to the filing of applications for agricultural classification of real properties: FS 193.052(2) and F.S. 193.-461(3)(a). Immediately prior to and including the calendar year 1974 both statutes required the filing of applications for agricultural classification prior to April 1 of the year for which such agricultural classification was sought. (F.S. 193.052(2), Florida Statutes 1973; F.S. 193.461(3)(a), Florida Statutes 1973)
“(d) The 1974 legislature, by Chapter 74-234, Laws of Florida, amended F.S. 193.-461(3)(a), as it appears in Florida Statutes 1975, to read:
‘ “No lands shall be classified as agricultural lands unless a return is filed on or before March 1 of each year. * * * ii f
“However, F.S. 193.052(2) was not so amended and continues to read, as found in Florida Statutes 1975:
‘ “ * * * In order for land to be considered for agricultural zoning under s. 193.461, an application for such zoning must be filed on or before April 1 of each year with the [property appraiser] of the county in which such land is located. Such application shall state that said lands on January 1 of that year were used primarily for agricultural purposes.” ’
“(e) Plaintiffs filed their application, on the form provided by the defendant property appraiser, after March 1 of 1975 but prior to April 1 of that year.
“(f) The defendant property appraiser denied plaintiffs’ application for agricultural classification or zoning on the sole ground that same was not timely filed. Plaintiffs timely petitioned the defendant Marion County Tax Board of Adjustment pursuant to the provisions of Florida Statutes 194.015-194.042 which Board denied relief.
“(g) The plaintiffs and the defendant property appraiser agreed that the values of the parcels of property herein involved for the calendar year 1975, if agricultural classification were granted, are: As to the first parcel hereinabove described, $36,510, and as to the second parcel here-inabove described, $1,750. Plaintiffs have paid the Marion County Tax Assessor the amount of the tax which they admit in good faith to be owing, to-wit: the amount of the tax owed based upon said valuations if classified as agricultural.
“Upon consideration, it is
“ORDERED AND ADJUDGED that:
“1. This Court has jurisdiction of this cause and of the parties hereto.
“2. Conflicts in taxing statutes should be resolved in favor of the taxpayer; therefore, plaintiffs’ motion for summary *276 judgment in their favor be and it is hereby granted and the defendant, Honorable Charles H. Fleming, Property Appraiser of Marion County, Florida, is hereby directed to classify plaintiffs’ said properties as agricultural and evaluate same accordingly, for the calendar year 1975.”
******
This appeal ensued by the Department of Revenue; the other defendants did not join in this appeal, therefore they are listed as appellees pursuant to Fla.App. Rule 3.11 a.
We have reviewed the contentions as made by the appellant and find the authorities cited to be good law, but inapplicable to the facts in the instant case. The problem confronting the taxpayers in the instant matter were two statutes providing for an exemption which had conflicting dates. This conflict in the statutes was clearly recognized by the 1976 Legislature, when it enacted Chapter 76-234, Laws of Florida 1976, which straightened out this conflict. In the title to said Chapter the following is found:
* * * * * *
“ * * * amending s. 193.052(2), Florida Statutes, conforming filing date for agricultural assessment with existing language in s. 193.461, Florida Statutes. * * * 1)
******
We hold that a taxpayer should not be penalized for following the terms of an exemption statute, even though there may be another statute in conflict therewith and, therefore, we affirm the action of the trial judge here under review.
Affirmed.
MELVIN, WOODROW M., Acting Chief Associate Judge, and BARKDULL, THOMAS H., Jr., and GRIMES, STEPHEN H., Associate Judges, concur.